IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NITA ANN AURTHUR; et al.                                                    PLAINTIFFS

vs.                                                                No. 1:05CV225-D-D

TRONOX WORLDWIDE LLC; et al.                                               DEFENDANTS

**Consolidated With**

PERCY WHITFIELD; et al.                                                     PLAINTIFFS

vs.                                                      **Lead Case No. 1:03CV287-D-D**
                                                                        **CONSOLIDATED**

TRONOX WORLDWIDE LLC; et al.                                               DEFENDANTS

OPINION GRANTING UNOPPOSED MOTION
FOR SUMMARY JUDGMENT

Presently before the court is the Defendant Tronox LLC's motion for summary judgment.

The Plaintiffs have not indicated any opposition to the motion. Upon due consideration, the court

finds that the motion should be granted.

*A.    Factual Background*

The Plaintiffs filed this environmental tort action on May 2, 2005, alleging personal injuries

and property damage from creosote contamination resulting from the Defendants' operations in

Columbus, Mississippi. This case, which is the most recently filed case in this court involving

creosote contamination in Columbus, is consolidated with other previously-filed related actions

arising out of the same circumstances. The Defendant Tronox LLC (formerly known as Kerr-McGee

Chemical LLC) has now filed the pending motion for summary judgment in which it seeks dismissal

of the Plaintiffs' claims, asserting that the claims are barred by the applicable Mississippi statute of

limitations. The Plaintiffs have not indicated any opposition to the motion.

## B. Summary Judgment Standard

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); <u>Celotex Corp.</u>, 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. <u>Matsushita Elec. Indus. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

## C. Discussion

The Defendant asserts, and it is undisputed, that the discovery of alleged creosote contamination in the Columbus, Mississippi area occurred in April of 1999, and was followed by

the September 9, 1999, filing of the first of many lawsuits concerning the alleged contamination. The applicable Mississippi statute concerning the limitations period for the Plaintiffs' claims in this case is Section 15-1-49 of the Mississippi Code, which provides for a three year period of limitation. See Miss. Code Ann. § 15-1-49.

The Plaintiffs filed this suit in state court on May 2, 2005; the case was subsequently removed to this court. As noted by the Defendant, after the initial discovery of alleged creosote contamination in Columbus in April of 1999, widespread media coverage of the alleged contamination and the ensuing lawsuits began. In order for the Plaintiffs' claims in this case to be deemed timely filed, the limitations period could begin running no earlier than May 2, 2002. In Mississippi, a limitations period begins to run "when the plaintiff can reasonably be held to have knowledge of injury." Baldwin v. Holliman, 913 So. 2d 400, 409 (Miss. Ct. App. 2005); Owen-Illinois v. Edwards, 573 So. 2d 704, 709 (Miss. 1990).

While the court, based on the evidence presently before it, declines to state a definitive date on which the limitations period in this action began running, it is clear that it began no later than May 1, 2002, and that the Plaintiffs' complaint is thus time-barred. Media and community publicity regarding a community event such as this has been held to put potential plaintiffs on notice as to a potential claim. Joe v. Minnesota Life Ins. Co., 337 F. Supp. 2d 821, 824 (S.D. Miss. 2004); Lewis v. General Elec. Co., 254 F. Supp. 2d 205 (D. Mass. 2003). Summary judgment on limitations grounds has often been granted due to potential plaintiffs receiving constructive notice of their claims based on media reports concerning the subject matter at issue. See, e.g., Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 403-04 (5th Cir, 1998) (affirming district court grant of summary judgment on limitations grounds based on notice potential plaintiffs received from media

reports concerning possible health effects of Agent Orange).

Accordingly, in this case, the court finds that the indisputably heavy media coverage concerning the alleged creosote contamination in the area of the Defendants' operations in Columbus, Mississippi, was sufficient to start the limitations period on the Plaintiffs' claims running no later than May 1, 2002. Thus, the limitations period on the Plaintiffs' claims expired, at the latest, on May 1, 2005, prior to the filing of the instant suit. As such, the court finds that the Plaintiffs' claims are time-barred by Section 15-1-49 of the Mississippi Code; no genuine issues of material fact remain in dispute and the Defendant is entitled to judgment as a matter of law as to these Plaintiffs' claims.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of June 2006.

/s/ Glen H. Davidson
Chief Judge