IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PERCY WHITFIELD; et al.                                                                                    PLAINTIFFS

vs.                                                                                  Lead Case No. 1:03CV287-D-D
                                                                                                       **CONSOLIDATED**

TRONOX WORLDWIDE LLC; et al.                                                                   DEFENDANTS

OPINION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

Presently before the court is the Defendants Tronox LLC and Tronox Worldwide LLC's motion for partial summary judgment on the Plaintiff Berenice Dixon's failure to produce evidence of exposure to contaminated fruits, vegetables, livestock or dairy products. Upon due consideration, the court finds that the motion should be granted; the Plaintiff's theory concerning exposure via these items shall be excluded from trial.

*A. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

### B. Discussion

#### 1. Exposure to Contaminated Eggs, Fruits, Vegetables and Pork

The Plaintiff's claims in this case revolve around her assertion that she was exposed to creosote and PCP that was released from the Defendants' Columbus, Mississippi, wood treating facility, and that this exposure caused her to develop breast cancer. One way the Plaintiff avers that her exposure occurred was via her ingestion of contaminated foods, specifically contaminated eggs, fruits, vegetables and livestock that was raised by her family and their neighbors near the Defendants' facility.

It is axiomatic that a plaintiff in a toxic tort case such as this one must put forth admissible evidence of actual exposure to a harmful level of a chemical in order to survive a motion for summary judgment. Allen v. Pennsylvania Eng'g Corp., 102 F. 3d 194, 199 (5th Cir. 1996) ("Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case."). Thus, unless the Plaintiff has presented such evidence concerning her

2

exposure to the subject contaminated food products, the Defendants are entitled to summary judgment as to this issue. The court has already found that the Plaintiff has presented evidence sufficient to survive summary judgment on both her exposure and causation regarding other avenues of exposure, but considers this specific evidence regarding these food products for the first time.

The court finds that the Plaintiff has simply failed to present any evidence that the food products at issue were contaminated with chemicals from the Defendants' Columbus facility. While she has presented evidence that her family and her neighbors raised livestock and grew vegetables that she consumed, there has been no evidence presented that raises a genuine issue of material fact as to whether those food products were contaminated or the amount of any toxin that the Plaintiff ingested as a result of consuming the subject food products. In the Plaintiff's response to the Defendant's motion, the Plaintiff argues that contaminated food products are one potential exposure pathway that may result in a person being exposed to toxins. While that is undoubtedly true, there is no evidence in this case that the food products at issue were contaminated. Thus, the court finds that there is no genuine issue of material fact as to this issue and the Defendants are entitled to judgment as a matter of law as to this specific issue.

2. Exposure to Contaminated Dairy Products and Livestock other than Hogs

The Plaintiff confesses these issues in her response to the Defendants' motion. Accordingly, the court finds that there is no genuine issue of material fact as to these issues, and the Defendants are entitled to judgment as a matter of law. As such, the Defendants' motion for partial summary judgment concerning these specific issues shall be granted.

*C. Conclusion*

In sum, the Defendants' motion for partial summary judgment will be granted. The

Plaintiff's theory and evidence concerning her potential exposure to toxins through contaminated fruits, vegetables, livestock or dairy products shall be excluded from presentation at trial.

A separate order in accordance with this opinion shall issue this day.

This the 25th day of May 2007.

/s/ Glen H. Davidson
Chief Judge