IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PERCY WHITFIELD; et al.                                                   PLAINTIFFS

vs.                                                    Lead Case No. 1:03CV287-D-D
                                                                  CONSOLIDATED

TRONOX WORLDWIDE LLC; et al.                                     DEFENDANTS

## OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Presently before the court is the Defendants Tronox LLC and Tronox Worldwide LLC's motion for partial summary judgment as to several of the claims of the Plaintiff Berenice Dixon. Upon due consideration, the court finds that the motion should be granted in part and denied in part. The motion shall be granted as to the Plaintiff Dixon's claims for strict liability, failure to warn, and failure to use alternative processes; those claims shall be dismissed. The motion shall be denied as to the remaining subject claims; those claims shall proceed to trial.

*A. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to go beyond the pleadings and "by...affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. That burden is not

discharged by mere allegations or denials. Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*B. Discussion*

1. The Plaintiff's Claim for Strict Liability

Mississippi law requires participation in an ultrahazardous activity before strict liability can be imposed for harm from industrial operations. Bradley v. Armstrong Rubber Co., 130 F.3d 168, 174 (5th Cir. 1997). The concept of what constitutes an ultrahazardous activity has been narrowly defined by both the Fifth Circuit and Mississippi courts. See, e.g., Bradley, 130 F.3d at 174. In fact, strict liability for ultrahazardous activity has only been found by Mississippi courts in cases involving the use and transport of explosives in populated areas. Donald v. Amoco Products Co., 735 So. 2d 161, 170 (Miss. 1999); Teledyne Exploration Co. v. Dickerson, 253 So.2d 817, 818 (Miss.1971); Sprankle v. Bower Ammonia and Chem. Co., 824 F.2d 409, 415 (5th Cir. 1987).

In Sprankle, the plaintiff sought damages for personal injuries sustained as a result of exposure to anhydrous ammonia, a dangerous chemical. Sprankle, 824 F.2d at 411. The Fifth

Circuit, pursuant to Erie R.R. v. Tompkins,[1] held that the storage of anhydrous ammonia at the defendant chemical plant does not constitute an ultrahazardous activity for purposes of imposing strict liability under Mississippi law. Sprankle, 824 F.2d at 415-16. In so holding, the Sprankle court specifically noted that Mississippi courts have not imposed strict liability for any activity except the transport and use of explosives in populated areas. Id. at 415. Likewise, the court here finds that the Defendants' wood treatment operations and storage of wood preserving chemicals at the Columbus plant do not constitute ultrahazardous activities. As such, the Defendants may not be held strictly liable for any harm resulting from their wood treatment operations.

Accordingly, the court holds that summary judgment on the Plaintiff's claim for strict liability should be granted because the operations conducted by the Defendants were not ultrahazardous for purposes of imposing strict liability. The court finds that there is no genuine issue of material fact as to this claim and the Defendants are entitled to judgment as a matter of law.

2. The Plaintiff's Claims for Failure to Warn and Failure to Use Alternative Processes

The Plaintiff confesses these claims in her response to the Defendants' motion. Accordingly, the court finds that there is no genuine issue of material fact as to these claims, and the Defendants are entitled to judgment as a matter of law. As such, the Defendants' motions for summary judgment concerning these claims shall be granted.

3. The Plaintiff's Remaining Claims

As for the remainder of the Plaintiff's claims addressed in the Defendants' motion, which are for negligence per se, public nuisance, private nuisance, and intentional infliction of emotional distress, the court finds that the Defendants have failed to show that they are entitled to judgment

---

[1] 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938).

3

as a matter of law. Additionally, the court has the discretion, which it exercises here, to allow these claims to proceed to trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L Ed. 2d 202 (1986) ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed ..."). As such, the Defendants' motion for summary judgment shall be denied as to these claims.

## C. Conclusion

In sum, the Defendants' motion for summary judgment will be granted in part and denied in part. The motion shall be granted as to the Plaintiff Berenice Dixon's claims for strict liability, failure to warn, and failure to use alternate processes. Those claims shall be dismissed. The Defendants' motion shall be denied as to the Plaintiff Dixon's claims for negligence per se, public nuisance, private nuisance, and intentional infliction of emotional distress. Those claims shall proceed to trial.

A separate order in accordance with this opinion shall issue this day.

This the 25th day of May 2007.

/s/ Glen H. Davidson
Chief Judge