IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PERCY WHITFIELD, et al.                                     PLAINTIFFS

v.                                                          LEAD CASE NO. 1:03-CV-287-D-D

TRONOX WORLDWIDE, LLC, et al.                               DEFENDANTS

## MOTION TO DISMISS WITH PREJUDICE

Defendants Tronox, LLC, f/k/a Kerr-McGee Chemical, LLC and Tronox Worldwide, LLC, f/k/a Kerr-McGee Chemical Worldwide, LLC ("**Tronox**") respectfully request dismissal with prejudice of this action and all actions consolidated with this action, which are listed in Exhibit "1" attached (the "**Actions**"), as follows:

1. The Plaintiffs ("**Plaintiffs**") filed the Actions on or about December 30, 2002, asserting various toxic tort claims against Tronox.

2. On July 16, 2004, the Court consolidated, for discovery and pretrial purposes, the Actions pending against Tronox under the lead case number in the above styled and numbered cause. *See* Dkt. No. 51.

3. On October 3, 2007, the Court dismissed the Actions without prejudice by reason of settlement, in order for the parties to pursue mediation, which failed. *See* Dkt. No. 640.

4. On January 12, 2009 (the "**Petition Date**"), Tronox commenced cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). Tronox's chapter 11 cases were jointly administered under the caption *In re Tronox Incorporated* et al., Case No. 09-10156 (ALG).

5.  On November 30, 2010, the Bankruptcy Court entered an order [Docket No. 2567] (the "**Confirmation Order**") confirming the *First Amended Joint Plan of Reorganization of Tronox Incorporated* et al. *Pursuant to Chapter 11 of the Bankruptcy Code* (the "**Plan**"). A copy of the Confirmation Order, which includes the Plan as an exhibit, is attached as Exhibit "2." On February 15, 2011, the effective date of the Plan occurred. A notice of the occurrence of the effective date of the Plan is attached hereto as Exhibit "3."

6.  Plaintiffs' claims against Tronox arose prior to the Petition Date, and prior to the date of the Confirmation Order. Section 1141 of the Bankruptcy Code provides, in relevant part, that the confirmation of a chapter 11 plan "discharges the debtor from any debt that arose before the date of such confirmation." *See* 11 U.S.C. § 1141(d)(1)(A). In addition, section 524 of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

7.  Article VIII.E of the Plan provides explicitly that the confirmation of the Plan results in the permanent injunction of claims arising before the Petition Date against Tronox. That injunction is also set forth in paragraphs 133-34 of the Confirmation Order. In particular, paragraphs 133-34 of the Confirmation Order provide, in relevant part, that:

> **Except as otherwise expressly provided in the Plan or the Exit Credit Documents or for obligations issued pursuant to the Plan, all Entities who have held, hold or may hold Claims or Equity Interests that have been released pursuant to Article VIII.C or Article VIII.D, discharged pursuant to Article VIII.A or exculpated pursuant to Article VIII.F, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, Tronox, Reorganized Tronox or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with or with respect to any such Claims or Equity Interests; (2) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against Tronox, Reorganized Tronox or the Released Parties on account of or**

{C0073172}                                                               2

> in connection with or with respect to any such Claims or Equity Interests; (3) creating, perfecting or enforcing any encumbrance of any kind against Tronox, Reorganized Tronox or the Released Parties or the property or estates of Tronox, Reorganized Tronox or the Released Parties on account of or in connection with or with respect to any such Claims or Equity Interests; (4) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from Tronox, Reorganized Tronox or the Released Parties or against the property or Estates of Tronox, Reorganized Tronox or the Released Parties on account of or in connection with or with respect to any such Claims or Equity Interests unless such Holder has filed a motion requesting the right to perform such setoff on or before the Confirmation Date, and notwithstanding an indication in a Proof of Claim or Equity Interest or otherwise that such Holder asserts, has or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of, in connection with or with respect to any such Claims or Equity Interests released or settled pursuant to the Plan.
>
> **The sole recourse of Holders of Tort Claims shall be the Tort Claims Trust, and such Holders shall have no right at any time to assert Tort Claims against Reorganized Tronox or any of its assets.**

Ex. "2," at 61-62.

8. Additionally, attempts by parties to the Actions to prosecute the Actions, or the underlying claims, against Tronox would constitute a knowing and willful violation of the discharge and chapter 11 plan injunctions which may result in a finding of contempt by the Bankruptcy Court, including the imposition of costs and sanctions. *See, e.g., In re Torres*, 367 B.R. 478, 490 (Bankr. S.D.N.Y. 2007).

9. For these reasons, any continued prosecution of claims in the Actions against Tronox would violate the discharge injunction under sections 1141 and 524 of the Bankruptcy Code and the express injunction set forth in Tronox's Plan and the Confirmation Order because the Actions relate to a claim which arose prior to the Petition Date. Tronox, therefore, respectfully requests dismissal of the Actions.

Accordingly, Tronox respectfully requests the Court to dismiss the Actions with prejudice for the reasons stated in this motion.

THIS, the 21st day of March, 2011.

Respectfully submitted,

TRONOX, LLC, AND
TRONOX WORLDWIDE, LLC

/s/ Lindsey S. Wiseman
One of Their Attorneys

OF COUNSEL:

J. Gordon Flowers, MSB # 5378
Scott F. Singley, MSB # 100134
Lindsey S. Wiseman, MSB # 103248
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Box 7520
Columbus, MS 39705
Telephone: (662) 329-8353
Facsimile: (662) 240-4127

Christopher A. Shapley, Esq., MSB # 6733
William Trey Jones, III, Esq., MSB # 99185
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902

John M. Johnson, Esq.
Jacob M. Tubbs, Esq.
Lightfoot, Franklin & White, LLC
400 20th Street North
Birmingham, AL 35203
Telephone: (205) 581-0761
Facsimile: (205) 380-9116

## CERTIFICATE OF SERVICE

The undersigned certifies that she has this day filed this pleading with the Clerk of the Court, through the Court's ECF system, which has provided a true and correct copy of the foregoing Motion to Dismiss With Prejudice to all counsel of record.

Dated: March 21, 2011.

/s/ Lindsey S. Wiseman
Lindsey S. Wiseman